UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELINDA CROMER,<br><br>               Plaintiff,<br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. 2:17-cv-00304-RAJ-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 24, 2017 |

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. Dkt. 15. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny defendant's motion to dismiss.

On June 27, 2013, plaintiff filed an application for disability insurance benefits. An administrative law judge ("ALJ") found that plaintiff was not disabled in a decision dated June 10, 2015. Dkt. 15-1, pp. 5-23. On December 16, 2016, the Appeals Council denied plaintiff's request for review of that decision, making the ALJ's decision the final decision of the Commissioner. Dkt. 2-1 at p.1; 20 C.F.R. § 416.1481. On February 24, 2017, plaintiff filed a proposed complaint in this Court seeking review of the Commissioner's final decision, and the

complaint was subsequently filed on February 28, 2017. Dkts. 1-2. Defendant seeks dismissal of the complaint on the basis that it was untimely filed, and therefore that the Court lacks subject matter jurisdiction.

A challenge to the Court's subject matter jurisdiction is "treated as brought under" Federal Rule of Civil Procedure (FRCP) 12(b)(1). *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A motion to dismiss brought under FRCP 12(b)(1) "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *Id.* The party opposing the motion then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201.

It is not an abuse of the Court's discretion, therefore, to consider such "extra-pleading material," even when "necessary to resolve factual disputes." *Id.* "[A]ll disputed facts," however, are to be "resolved in favor of the non-moving party." *Costco v. United States*, 248 F.3d 863, 865-66 (9th Cir. 2001); *see also Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004); *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (court favorably views facts alleged to support jurisdiction).

A party may obtain judicial review of the Commissioner's final decision by commencing a civil action in federal court "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."[1] 42 U.S.C. § 405(g); 20 C.F.R.

---

[1] Contrary to defendant's asserted basis for seeking dismissal of the complaint, this time limit "is not jurisdictional, but is instead a statute of limitation which the Secretary may waive." *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991). As such, failure to file within that time limit is an affirmative defense that "is properly raised in a responsive pleading." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing FRCP 8(c)). As defendant has raised this issue in a motion to dismiss filed in response to the complaint, it is properly raised and the Commissioner is deemed not to have waived it.

§ 404.981 (a claimant may file an action in federal court within 60 days after the date the notice of the Appeals Council's action is received). The date notice of the Appeals Council's decision is received is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

As noted above, the Appeals Council issued its denial of plaintiff's request for review on December 16, 2016. Plaintiff filed her proposed complaint with the Court on February 24, 2017, which both parties agree was more than the 65 days of allotted time for seeking judicial review.[2] However, plaintiff argues she had good cause for filing her complaint late, and asks the Court to deny defendant's motion on that basis. She claims she was hindered in her efforts to timely file her complaint by the fact that: (1) her legal counsel informed her that they would no longer represent her two weeks after she received the Appeal Council's notice; (2) her efforts to obtain new legal counsel to assist in seeking judicial review; and (3) her mental health conditions.

The requirement that a claimant seek judicial review of a "final decision" made after a hearing by filing a civil action in federal court within 60 days of mailing the notice thereof to him or her, may be waived by the Court. *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993). The principal of equitable tolling applies to Section 405(g)'s 60-day filing rule. *Bowen v. City of New York*, 476 U.S. 467 480 (1986); *see generally,* 20 C.F.R. §§ 404.911(b), 404.982 [3]. Equitable tolling applies "when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th

---

[2] Plaintiff would have been presumed to receive notice of the Appeals Council's denial of her request for review on December 21, 2016, and the deadline was February 19, 2017 to file her complaint in federal court.

[3] Plaintiff relies on the factors and "[e]xamples of circumstances where good cause may exist" set forth in 20 C.F.R. § 404.911 to argue her late filing should be excused. That regulation applies to the deadline for filing a request for reconsideration of an initial denial of a benefits application. *Id.* 20 C.F.R. §404.982 allows a party to request an extension of the time for filing an action in United States District Court. The party must state good cause for missing the deadline, and refers to the criteria listed in 20 C.F.R. §404.911.

REPORT AND RECOMMENDATION - 3

Cir. 1999). A plaintiff's mental illness or condition should be considered as a legitimate reason to apply equitable tolling if the mental illness is severe and the mental illness or condition caused the plaintiff to file in an untimely manner. *See, Zapata v. Astrue,* C08-5670BHS (W.D. Wash. 2009) 2009 WL 1919008 (allowing equitable tolling when a mentally ill claimant failed to file an appeal on time in a Social Security case); *Forbess v. Franke,* 749 F.3d 837, 840-842 (9th Cir. 2014) (applying equitable tolling and reversing the district court's decision to dismiss under the one-year statute of limitations, because the petitioner's severe mental illness afflicted him with delusions, the delusions prevented him from understanding the one-year deadline for filing a federal habeas corpus petition, and his mental condition caused him to fail to meet the deadline).

There is no allegation or evidence of any wrongful conduct on the Commissioner's part here. However, the Court finds that extraordinary circumstances beyond plaintiff's control made it impossible for her to file her claim on time. According to the evidence currently before the Court, plaintiff received the Appeals Council's notice on December 24, 2016, meaning she had until February 22, 2017, to file her complaint in federal court, just two days prior to when she actually did so. Dkt. 16 at 4-5 (Declaration of plaintiff's counsel); Dkt. 17, p. 1; Dkt. 17-1; Dkt. 17-2.

Sometime during the second week of January 2017, plaintiff was informed by the legal representative who handled her claim at the administrative review level that they would no longer be handling her claim. Dkt. 17-2. Plaintiff states she started the process of finding another legal representative on January 24, 2017, with her sister's help. *Id.* She first consulted with an attorney on January 31, 2017, and learned on February 6, 2017, that that attorney had declined to pursue her case. *Id.* A second attorney with whom she consulted on February 9, 2017, declined to take her case as well, although it is not entirely clear whether that attorney declined to do so on

REPORT AND RECOMMENDATION - 4

that date or sometime later. *Id.*

On February 15, 2017, plaintiff wrote to the Appeals Council about her efforts to find new legal counsel, and explained that her "ability to function daily, and the additional stress upon receiving [the Appeals Council's notice and the notice from her legal representative] deepened [her] symptoms preventing [her] from taking immediate action." Dkt. 17-2. Plaintiff told the Appeals Council that her sister was trying to locate an attorney on her behalf, it seemed unlikely the plaintiff would timely file a complaint, and consequently she was requesting an extension of the time to do so. *Id.*

Plaintiff met current legal counsel on February 22, 2017, the last day on which she could timely file her complaint. Dkt. 16 at 4-5; Dkt. 17, p. 2. Two days later, plaintiff's legal counsel filed her proposed complaint. Dkt. 1. The record also contains a letter dated February 10, 2017, from Hannah Hamilton, LMHC, a mental health therapist who has treated Ms. Cromer since December 2016. In that letter, Ms. Hamilton states that plaintiff has severe symptoms of bipolar depressive episode and post-traumatic stress disorder have impacted her functioning; these symptoms include insomnia, fatigue, diminished ability to concentrate, thoughts of death, and persistent negative beliefs that she is unable to follow up on tasks. Dkt. 17-3. Ms. Hamilton goes on to state that those symptoms "also cause her to believe that she and the world are unsafe which makes it difficult to trust the system." *Id.* Ms. Hamilton asserts that plaintiff "has been unable to follow-through on a timely request for an appeal due to her PTSD and Bipolar." *Id.*

In addition, the record shows that the ALJ found the plaintiff has severe mental health impairments including bipolar affective disorder, post-traumatic stress disorder, and borderline personality disorder. Dkt. 15-1 at pp. 10-11.

Defendant does not take issue with the plaintiff's allegations of fact, nor does the

defendant argue that the facts fail to support a determination that plaintiff is entitled to equitable tolling. The Court finds that in the interests of justice equitable tolling should be applied in this case. *See generally, Lytle v. McDaniel,* 184 Fed. Appx. 595, 596 (9th Cir. 2006) (finding petition for habeas corpus under 28 U.S.C. § 2254, filed 56 days beyond the one-year statute of limitations was subject to equitable tolling, when the petitioner's lawyers withdrew and did not send the file until a new lawyer was appointed several months later). Plaintiff was forced to attempt to find new legal counsel two weeks after she received the Appeals Council's notice. Dkt. 17-2. While she did not start looking for new legal counsel for another ten days, that delay is consistent with the statements of her therapist about the plaintiff's mental illness causing impaired ability to follow through. Dkt. 17-1.

According to Ms. Hamilton, the plaintiff's severe mental health symptoms caused her to be unable to "trust the system" and caused her to be unable to follow through on the task of meeting the deadline for filing a complaint in this matter. Dkt. 17-3. Plaintiff made attempts to diligently pursue an appeal by making reasonable efforts to obtain counsel, including enlisting the assistance of her sister; she also submitted a letter and attempted to obtain an extension of time to file her complaint from the Appeals Council. Dkt. 17-1, 17-2. When plaintiff finally obtained new legal counsel, the proposed complaint was filed just two days later. Dkt. 1; Dkt. 16; Dkt.17-2.

Defendant has presented no argument as to why these facts do not support a finding that plaintiff's late filing should be excused. Based on the whole record, the undersigned recommends that equitable tolling applies and that this Social Security appeal should be deemed to have been timely filed. Accordingly, defendant's motion to dismiss should be DENIED.

The parties have **fourteen (14) days** from service of this Report and Recommendation to

file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on November 24, 2017, as noted in the caption.

Dated this 3rd day of November, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7